IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.: 1:17-cv-1678

MELIH TAN and PAMELA TAN,

      Plaintiffs,

v.

DET-CO, INC.; RINO SUPPLY COMPANY,
INC.; GARY WEST; JARED PENMAN;
FIREHOUSE ORGANICS CENTRAL, LLC;
FIREHOUSE ORGANICS NORTH, LLC; and
FIREHOUSE ORGANICS SOUTH, LLC,

      Defendants.

---

### *PROPOSED* SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The scheduling conference took place via telephone on September 6, 2017 at 2:30 p.m. (EST)[1] and counsel for the following parties participated:

(a)    Counsel for Plaintiffs, MELIH TAN and PAMELA TAN ("**Plaintiffs**"): Francis B. Majorie of The Majorie Firm Ltd., 1450 Cottonwood Valley Court, Irving, Texas 75038l Tel. (DD)  (214) 306-8107, *fbmajorie@themajoriefirm.com*.

(b)    Counsel for Defendants, DETCO, INC.; RINO SUPPLY COMPANY, INC.; GARY WEST; JARED PENMAN; FIREHOUSE ORGANICS CENTRAL, LLC; and FIREHOUSE ORGANICS NORTH, LLC ("**These Defendants**"): Christopher B. Hopkins of McDonald Hopkins, LLC, 505 S. Flagler Drive, Suite 300, West Palm Beach, FL  33401, Tel: (561) 472-2121, *chopkins@mcdonaldhopkins.com*, *ddominguez@mcdonaldhopkins.com*.

Defendant, FIREHOUSE ORGANICS SOUTH, LLC, has not yet been served with process. Plaintiffs' counsel states that the process server was unable to effectuate service at the

---

[1] On September 5, 2017 at 3:30 p.m., the parties tried to have the conference call via telephone but experienced technical difficulties.

{6928792:4}

address listed for the registered representative and that service at an alternate address is being pursued. Accordingly, FIREHOUSE ORGANICS SOUTH LLC did not participate in the scheduling conference and it is impossible to know what its position is on the scheduling matters discussed between Plaintiffs and These Defendants (the "**Parties**").

### 2. STATEMENT OF SUBJECT MATTER JURISDICTION

Plaintiffs maintain that the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. 1332(a) because (a) Plaintiffs are citizens of the State of Florida and all Defendants are citizens of the State of Colorado; and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs and without regard to any set-off or counterclaim to which Defendants may be entitled. *See* the Complaint [D.E. 1] at ¶ 13.

Defendants deny that the Court has diversity jurisdiction because Plaintiffs failed to join the following indispensable parties under Fed. R. Civ. P. 12(b)(7) and 19: Thomas Waldron Sr.; Kim Gataeno; Thomas Waldron Jr.; New Alternatives Consulting, LLC; Deep Blue Enterprises, LLC; Evren Partners, LLC; and Star-Tek Holdings, LLC (the "**Alleged Indispensable Parties**"). *See* Defendant's Motion to Dismiss or, Alternatively, for a More Definite Statement and Incorporated Memorandum of Law [D.E. 27] (the "**Motion to Dismiss**") at ¶¶ 38-45. Defendants have alleged in their Motion to Dismiss that the Alleged Indispensable Parties should be joined in this litigation. Joining the Alleged Indispensable Parties destroys diversity jurisdiction. *Id*.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff(s):

Plaintiffs assert claims against Defendants of declaratory judgment, breach of contract, breach of duties of good faith and fair dealing, promissory estoppel, unjust enrichment, breach of fiduciary duties, aiding and abetting, civil conspiracy, and conversion/theft. The gravamen of Plaintiffs' claims is that they directly and indirectly advanced over $1.35 million dollars to create the opportunity to purchase two sets of assets at pre-developed prices, locked in the right to buy the assets, developed the assets while the purchase contracts were pending, and were shut out of receiving the benefits from their funds when defendants West and Penman (the "Individual Defendants") caused entities they owned and controlled to purchase the assets and ultimately excluded the Plaintiffs from receiving either an interest in the entities or repayment of their advances with interest.

b. Defendant(s):

On August 18, 2017, Defendants filed their Motion to Dismiss, which has yet to be

{6928792:4}

ruled upon. Accordingly, Defendants have not alleged any affirmative defenses at this point in the litigation. However, in the Motion to Dismiss, Defendants alleged that this litigation should not proceed and should be dismissed because:

(a) Plaintiffs failed to state any claims upon which relief can be granted under Fed R. Civ. P. 12(b)(6) because:

(i) the transactions alleged by Plaintiffs are void and unenforceable as against public policy;

(ii) Plaintiffs failed to state a claim for breach of any of the contracts alleged by Plaintiffs to have existed between the parties and other necessary non-parties which Plaintiffs failed to have join in this litigation;

(iii) Plaintiffs failed to state a claim for breach of the duties of good faith and fair dealing;

(iv) Plaintiffs failed to state a claim for promissory estoppel;

(v) Plaintiffs failed to state a claim for breach of fiduciary duties;

(vi) Plaintiffs failed to state a claim for unjust enrichment;

(vii) Plaintiffs failed to state a claim for aiding and abetting breach of fiduciary duties;

(viii) Plaintiffs failed to state a claim for civil conspiracy;

(ix) Plaintiffs failed to state a claim for conversion and/or civil theft;

(x) Plaintiffs failed to state a claim for declaratory judgment;

(b) Plaintiffs failed to join the following indispensable parties under Fed. R. Civ. P. 12(b)(7) and 19: Thomas Waldron Sr.; Kim Gataeno; Thomas Waldron Jr.; New Alternatives Consulting, LLC; Deep Blue Enterprises, LLC; Evren Partners, LLC; and

{6928792:4}

Star-Tek Holdings, LLC (the "Alleged **Indispensable Parties**").

### c. Other Parties:

Defendants have alleged in their Motion to Dismiss that the Alleged Indispensable Parties should be joined in this litigation. Joining the Alleged Indispensable Parties destroys diversity jurisdiction.

FIREHOUSE ORGANICS SOUTH, LLC, who has not yet been served with process, did not participate in the scheduling conference and it is impossible to know what its position is on the scheduling matters discussed between the Parties.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

The time period at issue spans seven years and the parties require discovery before being able to submit meaningful stipulations of fact to this Court. The pending Motion To Dismiss may also impact the legal issues in the case. Counsel are mindful of the need to enter into stipulations to streamline the issues and are committed to doing so as the case progresses, either through the submission of requests for admission or stipulations. The parties do stipulate at this time that the citizenship and residency of the named Plaintiffs and named Defendants is accurately set forth in the Complaint.

### 5. COMPUTATION OF DAMAGES

Plaintiffs seek the following categories of damages, which are presently generally calculated as follows: (a) compensatory damages for monies advanced by or at the direction of Plaintiffs for the assets and not reimbursed by Defendants (measured by an advance by advance basis; total advances estimated to exceed $1.35 million); (b) value of an equity interest in the assets represented by the amount of monies advanced by Plaintiff compared to the total amount of value provided by Defendants or any others (calculated by factual inquiry into value of the contribution of Plaintiffs' cash to the overall value of the created assets and others' contributions); (c) lost profits (calculated by factual inquiry into value of the contribution of Plaintiffs' cash to the net income or profits received from the assets by Defendants); (d) disgorgement of benefits received by Defendants above the value of their own contributions and the contributions of any others; and (e) pre and post judgment interest as provided by law. Plaintiffs anticipate retaining a damages expert to further identify and refine damages calculations and reserves the right to supplement or amend this list.

Defendants dispute the existence, and computation, of Plaintiffs' alleged damages. Since Defendants have only filed the Motion to Dismiss, which has yet to be ruled upon, Defendants have not had an opportunity to allege any damages.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.   **Date of Rule 26(f) meeting.**

The Rule 26(f) meeting took place on September 6, 2017.

b.   **Names of each participant and party he/she represented.**

(1)   Counsel for Plaintiffs, MELIH TAN and PAMELA TAN ("**Plaintiffs**"): Francis B. Majorie and Thomas Annis of The Majorie Firm Ltd., 1450 Cottonwood Valley Court, Irving Texas 75038 , Telephone No. (214) 306-8107 (DD), *fbmajorie@gmail.com*.

(2)   Counsel for Defendants, DETCO, INC.; RINO SUPPLY COMPANY, INC.; GARY WEST; JARED PENMAN; FIREHOUSE ORGANICS CENTRAL, LLC; and FIREHOUSE ORGANICS NORTH, LLC ("**Defendants**"): Christopher B. Hopkins of McDonald Hopkins, LLC, 505 S. Flagler Drive, Suite 300, West Palm Beach, FL 33401, Telephone No. (561) 472-2121, *chopkins@mcdonaldhopkins.com*, *ddominguez@mcdonaldhopkins.com*.

FIREHOUSE ORGANICS SOUTH, LLC, who has not yet been served with process, did not participate in the scheduling conference and it is impossible to know what its position is on the scheduling matters discussed between the Parties.

c.   **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

Pursuant to the Order Setting Scheduling/Planning Conference and Setting Deadline for Filing of Consent/Nonconsent Form dated July 24, 2017 [D.E. 18], Rule 26(a)(1) initial disclosures will be made 14 days after the pre-scheduling conference meeting scheduled for September 5, 2015, which means they were due on or before September 19, 2017. However, due to the extension of time for briefing the Motion To Dismiss and Defendants' intention to move to stay discovery, the parties request that the Court extend this deadline to either fifteen (15) days after the court opens discovery (if the motion to stay is granted) or fifteen (15) days after the court denies the motion to stay).

d.   **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1)**.

The parties request that the Court extend the deadline for the Fed. R. Civ. P. 26(a)(1) disclosures as set forth above.

  **e.**  **Statement concerning any agreements to conduct informal discovery:**

  None at this time.

  **f.**  **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

Counsel for all parties agree to cooperate in order to reduce the costs of litigation and expedite the just disposition of the case by doing the following: telephone depositions, maintain discussions regarding using discovery in other related cases, use of expert affidavits to support judicial notice, and using a unified exhibit numbering system.

  **g.**  **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The Parties anticipate the request, and use of, electronically stored information ("**ESI**") obtained in discovery including, but not limited to, e-mails, photos, and videos maintained in business or personal computers, telephones, or tablets, SMS messages, etc. However, the Parties are not large sophisticated businesses with extensive server usage. The Parties will have to locate communications, photos, and videos in Gmail and other consumer e-mail sources to retrieve this information. This means there are multiple repositories of e-mails and different standards to search and extract them. The Parties generally agree that native format of data sought is preferred, when available, but PDF may be usable upon agreement.

  **h.**  **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

On September 6, 2017, the Parties had an initial discussion about the possibility for settlement, and this issue will be revisited by counsel for the Parties in person at the Scheduling Conference scheduled for October 5, 2017, and after each counsel has discussed the matter with their clients.

### 7. CONSENT

All parties have consented to the exercise of jurisdiction of Magistrate Judge Nina Y. Wang in the Consent Form dated August 31, 2017 [D.E. 30].

## 8. DISCOVERY LIMITATIONS

    **a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties will require the depositions of all currently named parties, which total nine (9) depositions. Additionally, at present the parties can identify fifteen (15) other individuals and/or corporate representatives whose depositions may be needed. The parties anticipate that other witnesses may become relevant as discovery and investigation continue.

    **b.    Limitations which any party proposes on the length of depositions.**

None. The individual deposition length limitation of one (1) day of seven (7) hours each under Fed. R. Civ. P. 30(d)(1) is presently anticipated to be suitable and the parties will attempt to follow those limitations as a guideline. However, the parties reserve the right to request additional time with a witness based on what is discovered through document production and other discovery or investigation.

    **c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.**

None.

    **d.    Other Planning or Discovery Orders**

Defendants are filing a Motion to Stay discovery and other deadlines in this Proposed Scheduling Order pending a ruling on Defendants' Motion to Dismiss. Plaintiffs oppose this request. Alternatively, plaintiffs state that the deadlines set forth below may not leave enough time unless they are moved to accommodate the time discovery was stayed.

## 9. CASE PLAN AND SCHEDULE

**The parties note that the Motion To Dismiss is pending but not yet fully briefed. Defendants anticipate seeking a stay of discovery pending a ruling on that motion. The parties note that they individually or together may seek to alter or amend the foregoing dates depending in the timing and nature of the Court's ruling on the Motion To Dismiss.**

    **a.    Deadline for Joinder of Parties and Amendment of Pleadings:**

        (1)    Joinder of Other Parties: Later of: November 1, 2017; 45 days after the ruling on the Motion To Dismiss; or 45 days after the stay is lifted (if a stay is granted).

        (2)    Amendment of Pleadings: Later of November 1, 2017; 45 days after the ruling on the Motion To Dismiss; or 45 days after the stay is lifted

{6928792:4}

(if a stay is granted) .

 **b.** **Discovery Cut-off**:

February 1, 2017.

 **c.** **Dispositive Motion Deadline**:

February 22, 2017.

 **d.** **Expert Witness Disclosure**

  **1.** **The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiffs anticipate the following fields of expert testimony: calculation of damages; real estate valuation; business/industry valuation; forensic accounting; medical marijuana licensing in Colorado.

At this time, Defendants are unclear about the anticipated fields of expert testimony for the reasons set forth in the Motion to Dismiss, but as a best estimate would presume they might include: real estate valuation, business/industry valuation, and forensic accounting.

  **2.** **Limitations which the parties propose on the use or number of expert witnesses.**

One (1) expert witness per field of expertise identified above for each "side")(Plaintiffs are one "side" and Defendants are one "side") .

  **3.** **The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

January 4, 2018 (this includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C)).

  **4.** **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

January 14, 2018 (this includes disclosure of information applicable to

> "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C)).

Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and filed with the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

   e.  **Identification of Persons to Be Deposed:**

Persons to be deposed and good faith estimate of the time needed for each deposition (all depositions must be completed on or before the discovery cut- off date and the parties must comply with the notice and scheduling requirements set for in D.C.COLO.LCivR 30.1). The parties will conduct document requests and productions before depositions will commence. With respect to party depositions, the estimated time is for the time of the adverse party to the deponent to ask questions. For third party witnesses, the estimate is for ½ of the time for each side. The estimates are not intended to preclude a party from taking a reasonably longer period of time asking questions of any witness. The parties also reserve the right to take depositions of other witnesses as discovery and investigation continues:

1. Plaintiff, Melih Tan – 1 day;
2. Plaintiff, Pamela Tan – 1 day;
3. Corporate representative of Defendant, Det-CO, Inc. – 1 day;
4. Corporate representative of Defendant, Rino Supply CO, Inc. – 1 day;
5. Defendant, Gary West – 1 day;
6. Defendant, Jared Penman – 1 day;
7. Corporate representative of Defendant, Firehouse Organics Central, LLC – 1 day;
8. Corporate representative of Defendant, Firehouse Organics North, LLC – 1 day;
9. Corporate representative of Defendant, Firehouse Organics South, LLC – 1 day;
10. Thomas Waldron Sr. – 1 day;
11. Kim Gataeno – 1 day;
12. Thomas Waldron Jr. – 1 day;
13. Kim Gataeno's attorney (unidentified), referred to in Paragraph 18 of the Complaint – half day;
14. Plaintiffs' daughter;
15. Corporate representative of New Alternatives Consulting, LLC – half day;
16. Corporate representative of Deep Blue Enterprises, LLC – half day;
17. Corporate representative of Isabelle Holdings, LLC – half day;
18. Corporate representative of Evren Partners, LLC – half day;
19. Corporate representative of Star-Tek Holdings, LLC – half day;
20. Thomas Murphy – half day;

21. Corporate representative of Isabelle I, LLC – half day; and
22. Corporate representative of TCG Assets, Inc. – half day.
23. Michael Citron-1 day
24. Kenneth Morris-1 day
25. Clarence and/or Patricia Pfeiffer-1 day
26. Representatives of Colorado licensing-1 day

    **f.**    **Deadline for Interrogatories:**

February 3, 2018.

    **g.**    **Deadline for Requests for Production of Documents and/or Admissions**

February 3 2018.

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

    **a.**    **Status conferences will be held in this case at the following dates and times:**

_____.

    **b.**    **A final pretrial conference will be held in this case on _____ at \_\_\_\_\_ o'clock \_\_\_\_\_m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.**

## 11. OTHER SCHEDULING MATTERS

    **a.**    **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement**.
None.

    **b.**    **Anticipated length of trial and whether trial is to the court or jury**.

5-7 days for jury trial. Plaintiffs have requested a jury trial, and Defendants have not filed an Answer (but filed a Motion to Dismiss, which has not yet been ruled upon), and as such have not had an opportunity to request a jury trial, if it chooses to do so at the appropriate time.

FIREHOUSE ORGANICS SOUTH, LLC, who has not yet been served with process, did not participate in the scheduling conference and it is impossible to know what its position is on the scheduling matters discussed between the Parties.

**c.** Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

*[Determination of any such request will be made by the magistrate judge based on the individual needs of the case and the availability of space and security resources.]*

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

**The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all** *pro se* **parties.**

**Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.**

**With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).**

**Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.**

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

{6928792:4}

DATED at Denver, Colorado, this _____ day of September, 2017.

BY THE COURT:

_____
NINA Y. WANG
United States Magistrate Judge

APPROVED:

/s/ Christopher B. Hopkins                         /s/ Francis B. Majorie

| | |
|---|---|
| Christopher B. Hopkins<br>Florida Bar No. 116122<br>McDonald Hopkins LLC<br>505 S. Flagler Drive, Ste. 300<br>West Palm Beach, FL 33401<br>Tel. (561) 472-2121<br>Fax: (561) 472-2122<br>Email: chopkins@mcdonaldhopkins.com<br>Email: ddominguez@mcdonaldhopkins.com<br>*Attorneys for Defendants Det-CO, Inc.; Rino Supply Company, Inc.; Gary West; Jared Penman; Firehouse Organics Central, LLC; and Firehouse Organics North, LLC.* | Francis B. Majorie<br>Texas Bar No. 12851420<br>The Majorie Firm Ltd.<br>4901 LBJ Freeway, Fourth Floor<br>Dallas, TX 75244<br>Tel. (214) 306-8107<br>Email: fbmajorie@themajoriefirm.com<br>*Attorneys for Plaintiffs Melih Tan and Pamela Tan* |

{6928792:4}