IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.: 1:17-cv-01678-NYW

MELIH TAN and PAMELA TAN,

        Plaintiffs,

v.

DET-CO, INC., *et al*.

        Defendants.

_____/

**JOINT/UNOPPOSED MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY AND PRE-TRIAL SCHEDULING AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, MELIH TAN and PAMELA TAN ("**Plaintiffs**"), Defendants, DET-CO, INC., RINO SUPPLY CO, INC., GARY WEST, JARED PENMAN, FIREHOUSE ORGANICS CENTRAL, LLC, and FIREHOUSE ORGANICS NORTH, LLC ("**First Defendants**"), and FIREHOUSE ORGANICS SOUTH, LLC ("**Second Defendant**") (collectively, the "**Parties**") through undersigned counsel and pursuant to Fed. R. Civ. P. 26(c)(1)(A) and (D) 16(b)(4), respectfully move the Court for a protective order staying all discovery (including all disclosures required under Fed. R. Civ. P. 26), and pre-trial scheduling in this lawsuit pending the Court's resolution of First Defendants' Motion to Dismiss or, Alternatively, for a More Definite Statement and Incorporated Memorandum of Law [D.E. 27] (the "**Motion to Dismiss**"). In support thereof, the Parties state as follows:

### I.     **MEMORANDUM OF LAW**

#### A.    **FACTUAL BACKGROUND**

1.    On August 18, 2017, First Defendants files their Motion to Dismiss.

2.      On September 28, 2017, Plaintiffs, MELIH TAN and PAMELA TAN (collectively, "**Plaintiffs**") filed their Memorandum of Law in Opposition to Defendants' Motion to Dismiss [D.E. 40].

3.      First Defendants' Reply in support of the Motion to Dismiss [D.E. 53] (the "**Reply**") was filed on October 12, 2017.

4.      Second Defendant's response to the Complaint [D.E. 1] is due on October 20, 2017.

5.      The Parties respectfully request that the Court stay all discovery (including all Rule 26 disclosures) and pre-trial scheduling to avoid any undue burden and expense should the case be summarily dismissed.   Proceeding with discovery and pre-trial deadlines while the Motion to Dismiss remains pending would jeopardize the Parties' rights to a just, speedy, and inexpensive determination of this action.

## B.      LEGAL ARGUMENT

6.      The Parties respectfully request that the Court stay all discovery and pre-trial deadlines under Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the Judge's consent."). Further, the Parties also request that the Court enter a protective for the same relief pending the Court's resolution of the Motion to Dismiss.  *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1282-83 (D. Colo. 2004) (granting motion to stay all discovery and pre-trial scheduling pending a decision on defendant's motion to dismiss or, in the alternative, to compel arbitration).  The Tenth Circuit Court of Appeal has stated that a party "is not entitled to discovery as a matter of law before the district court rule[s] on defendants' motion to dismiss," and even less when, as here, the First Defendants alleged in their Motion to Dismiss that the Complaint is "factless" to such an extent that further discovery

would be useless. *Casillan v. Reg'l Transp. Dist. Amalgamated Transit Union, Local 1001*, 986 F. 2d 1426, *5 (10th Cir. 1993). Accordingly, the stay requested is appropriate here.

7.      "The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court." *Kennedy v. McCormick*, 2012 WL 1919787, *1 (D. Colo. 2012) (granting motion to stay discovery pending resolution of motion to dismiss); *see also Alexander v. Foegen*, 2011 WL 683813, *1 (D. Colo. 2011) (also granting motion to stay pending motion to dismiss). The protection requested by the Parties is warranted "upon a showing of good cause, to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" Fed. R. Civ. P. 26(c)(1). Here, just as the moving party did in *Kennedy*, the Parties seek protection from the burdensome expense of discovery at this early and uncertain stage of the case. *Kennedy*, 2012 WL 1919787 at *1. By way of example, the parties in this case agree that the case will require up to **26 depositions**. *See* the Proposed Scheduling Order [D.E. 39] at Page 9, Section (9)(e).

8.      The court in *Kennedy* previously held that "a stay may be appropriate if 'resolution of a preliminary motion may dispose of the entire action.'" *Id*. In doing so, the court was guided by the following factors:

     (1)     plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay;

     (2)     the burden on the defendants;

     (3)     the convenience to the court;

     (4)     the interests of persons not parties to the civil litigation; and

     (5)     the public interest.

*Id*. As in *Kennedy*, a stay is proper here because the balance of the first two (2) factors favors the stay. "With respect to the first two factors, the Court balances a plaintiff's desire to proceed

expeditiously with his case against the burden on a defendant of going forward." *Id*. at *2. Allowing any party to proceed with burdensome and expensive discovery at this early stage of the litigation, when the parties are uncertain as to which claims will survive (if any may survive at all), is unduly and substantially burdensome.  Likewise, in *Kennedy*, as here, "[o]n balance, . . . any potential harm to Plaintiffs is outweighed by the burden on Defendants resulting from preparing experts and conducting and responding to discovery while the motions to dismiss are pending." *Id*.

9.      Furthermore, there are pending jurisdictional issues that the First Defendants raised in their Motion to Dismiss and Reply that may result in the dismissal of this case for lack of diversity jurisdiction.  Specifically, the First Defendants allege that the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(7) and 19 because the Plaintiffs failed to join indispensable parties, at least one of whom (Thomas Waldron Jr.), is a citizen of Florida, like the Plaintiffs.  Therefore, Waldron Jr.'s necessary joinder would destroy diversity jurisdiction. *See* the Motion to Dismiss at ¶¶ 38-45; *see* also the Reply at ¶¶ 4-10.

10.     Moreover, the third factor also weighs heavily in favor of a stay because if the Motion to Dismiss is granted, "the case will be fully resolved in this jurisdiction; thus, staying the matter temporarily furthers the interests of judicial economy and efficiency." *Id*.

11.     Lastly, the court in *Kennedy* also held that consideration of the last factors would not create an "any impact on the interests of non-parties or the public from a temporary stay of discovery in this case." *Id*.

12.     Accordingly, a stay of all discovery (including all disclosures under Fed. R. Civ. P. 26) and pre-trial scheduling is proper here.

13.     **D.C. Colo. L. Civ. R. 7.1(a) Certification: The undersigned conferred with counsel for Plaintiffs and the Second Defendant regarding the relief requested herein, and counsel for these parties do not oppose the relief requested.  Plaintiffs state that they agree to the relief requested in this Motion but do not agree that the Motion to Dismiss should be granted and reserve all rights with respect to that motion.**

14.     This request is being made in good faith, and not to cause delay.

WHEREFORE, the Parties, Plaintiffs, MELIH TAN and PAMELA TAN, Defendants, DET-CO, INC., RINO SUPPLY CO, INC., GARY WEST, JARED PENMAN, FIREHOUSE ORGANICS CENTRAL, LLC, FIREHOUSE ORGANICS NORTH, LLC, and FIREHOUSE ORGANICS SOUTH, LLC respectfully request that the Court grant their request for a protective order staying all discovery (including all disclosures under Fed. R. Civ. P. 26) and pre-trial scheduling, and for any additional relief that the Court deems just and proper.

Dated:  October 16, 2017.

*Melih Tan, et al. v. Det-CO, Inc. et. al*
CASE NO.: 1:17-cv-01678-NYW

Respectfully submitted,

**MCDONALD HOPKINS, LLC**
*Attorneys for Defendants, Det-CO, Inc.,*
*Rino Supply Co, Inc., Gary West, Jared*
*Penman, Firehouse Organics Central, LLC*
*and Firehouse Organics North, LLC*


/s/  *Christopher B. Hopkins*
Christopher B. Hopkins, Esq.
Florida Bar No. 116122
Email: chopkins@mcdonaldhopkins.com
505 S. Flagler Drive, Suite 300
West Palm Beach, FL  33401
Tel: (561) 472-2121
Fax: (561) 472-2122


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

CM/ECF this **16th day of October, 2017** to all those identified in the attached Service List.

/s/ *Christopher B. Hopkins*
Christopher B. Hopkins


## SERVICE LIST

Francis B. Majorie
The Majorie Firm Ltd.
4901 LBJ Freeway, Fourth Floor
Dallas, TX 75244
Tel. (214) 306-8107
Email: fbmajorie@themajoriefirm.com
*Attorneys for Plaintiffs Melih Tan and*
*Pamela Tan*

Theodore R. Tetzlaff
Alexa D. Tetzlaff
Tetzlaff Law Offices, LLC
3200 E. Cherry Creek South Dr., Ste. 200
Denver, CO 80209
312-574-1000
Email:  ttetzlaff@tetzlafflegal.com
         atetzlaff@tetzlafflegal.com
*Attorneys for Firehouse Organics South,*
*LLC*